CHIEF JUSTICE BIBB—*Absent.*
*Present*—THE HON. WILLIAM OWSLEY, } *Judges.*
THE HON. BENJAMIN MILLS, }

## *Tribble vs. Frame.*

Error to the Montgomery Circuit; SILAS W. ROBBINS, Judge.

*Instructions. Liberum tenementum. Novel assignment.*

Judge OWSLEY delivered the opinion of the court.

THIS is a writ of error brought to reverse a judgment recovered by Frame in an action of trespass *quare clausum fregit* which was brought against him in the circuit court by Tribble.

The declaration contains two counts, in neither of which are the abuttals of the close upon which the trespass is charged to have been committed set forth, and to each count the defendant pleaded separately *liberum tenementum.* To each plea the plaintiff replied, and issues to the country were thereupon joined by the defendant.

After the evidence of each party was through, the court, on the motion of the defendant, instructed the jury, that under the pleadings, to enable the plaintiff to recover in this action, he must shew two distinct closes in the county of Clark, (that being the county in which the closes are described to lie in the declaration,) and also that a trespass was committed on each close.

It will be observed, that the instruction is not hypothecated upon any opinion which the jury might form upon the evidence introduced or relied on by

VOL. VII.                    3 R

---

*Margin notes:*

TRESPASS,

Case 108.

October 9.

Declaration in trespass— *quare clausum fregit*—pleas and replications.

Instructions of the court.

It seems that on the trial of issues on general repli-

TRIBBLE
vs.
FRAME.

cations to
pleas of *libe-*
*rum tenemen-*
*tum,* pleaded
to two counts,
the court can-
not, in any
state of *evi-*
*dence,* in-
struct the ju-
ry, that to
enable the
plaintiff to
recover, he
must prove
two closes
and a trespass
on each.

the defendant to support either plea, so that we must understand the court, by the instructions, to have taken from the jury the consideration of that evidence, and decided it sufficient to support the issues or one of them, on the part of the defendant; or assuming the evidence insufficient for that purpose, to have decided, that though neither of the issues was supported on the part of the defendant, the plaintiff was not entitled to recover unless he proved that he had as many closes as counts, and that a trespass was committed on each. But whether the one or the other of these alternatives were intended by the court to be decided, the decision is evidently incorrect, and cannot be sustained. If the latter was intended to be decided, the instruction is unquestionably erroneous, because it not only required of the plaintiff, before he could, in the absence of proof on the part of the defendant, recover, that he should have a good cause of action, but also that he should shew as many causes of actions as there are counts in his declaration; and if the former was intended, the decision is equally erroneous, because, in deciding the issues to be supported on the part of the defendant, the court must have encroached upon the office of the jury, whose province it is to judge of the credibility and weight of testimony, and decide the facts involved in the issues made up by the parties.

On a plea of
*liberum tene-*
*mentum* to a
declaration
of one count,
not identify-
ing the *locus*
*in quo,* if the
defendant
shew title in
any close in
the county,
the verdict
must be for
him.

But suppose it were admitted that the defendant had land in the county in which the trespass is charged to have been committed, would the plaintiff, after proof of the fact by the defendant, be entitled to recover under the pleadings in this case, without shewing that he had two closes, upon each of which a trespass was committed.

This question is one which was also made and decided by the circuit court, and as the cause must be reversed for the error in the instruction of the court, and the question may possibly be again made upon the return of the cause to that court, it is proper that we should now dispose of it.

If the declaration contained but one count, it is perfectly clear that there could be no recovery by

the plaintiff, provided the defendant proved he had **Tribble**
a close in the same county of that in which the tres- **vs.**
pass is alleged to have been committed. The rule **Frame.**
applicable to such a case is given by Chitty in his
pleadings, 1 vol. page 605, with strict precision and
accuracy. "In trespass to real property," says he,
"if the declaration does not state the name or abbut-
tals of the close &c. with such precision as to avoid
the possibility of the defendants having a close
&c. in the same parish of a similar discription,
and the defendant has pleaded *liberum tenementum,*
without describing the close, the plaintiff should
new assign, and not take issue on the plea; for if he
were, he would fail upon the trial, if the defendant
could shew that any close in the parish or place stat-
ed in the declaration was his freehold." And in his
treatise on evidence, Starkie, vol. 3, page 1465,
says; "If issue be joined on the plea of *liberum tenemen-
tum*, the defendant may elect to what parcel he will
apply his plea, and the plaintiff cannot insist on a
trespass in any other parcels without a new assign-
ment." "*And therefore,*" says he, "if the plaintiff
allege a trespass in his close, situate in the parish of
A. generally, and issue be joined on this plea, the de-
fendant would be entitled to a verdict on proving
that he had any quantity of land, however small,
within the parish."

The correctness of this doctrine of the law was *Same rule,*
not contested in argument, but its application to a *however nu-*
case in which the declaration contains more counts *merous the*
than one, was denied. But if such be the rule ap- *counts may*
plicable to a declaration containing one count only, *be, when the*
no reason is discerned why the same rule should not *plea of libe-*
govern declarations containing several counts, pro- *tum is plead-*
vided the plea to each be of the same sort. If, as *ed to all.*
remarked by Starkie, the defendant may elect to
what parcel he will apply his plea, and thereby, on
proving that he had a close in the same place, defeat
a recovery upon a declaration containing but one
count, it would seem necessarily to follow, that if
the declaration contains several counts, both of
which are general, the defendant may also elect to
what parcel to apply his plea, and thereby on like
proof defeat a recovery for any one trespass. The

right to make this election and apply his defence to what parcel he pleases, is an advantage which is gained to the defendant by the general pleadings, but which the plaintiff might have prevented by a new assignment; though not by a multiplication of general counts in his declaration.

*An original count identifying a close, or a novel assignment, thus fixing the close, is the only mode of encountering the defendant's plea of liberum tenementum, where he has title to even one parcel of land in the county.*

Sergeant Williams, in treating on the doctrine of new assignments, has, in a very few remarks, presented the subject in a lucid point of view. "It was" says he "anciently the most usual practice in trespass *clausum fregit*, to declare *generally* for breaking the plaintiff's close at A. This general mode of declaring put the defendant under a difficulty of knowing in what part of the vill of A, the trespass, which the plaintiff meant by his declaration, was committed. The defendant was therefore permitted to plead that the close was his freehold, which he might do without giving it a name, because, as the plaintiff was general in his count, the defendant might be as general in his plea. And if the plaintiff traversed it, he run a great risk; *for if the defendant had any part of his land in that vill*, the verdict would be for him on that issue. This turned the difficulty upon the plaintiff, and therefore he was almost always driven to a new assignment, in which he assertained the place with proper exactness." 1. Saun. 299*b*, N. 6.

*Numerous general counts will not answer the purpose of a novel assignment.*

It is therefore not by multiplying counts in his declaration, that the difficulty turned upon him by general pleading in trespass *clausum fregit*, is to be escaped by the plaintiff, but it is by a new assignment of the trespass charged in his declaration. It is true that a new assignment is in the nature of a declaration, and it may be contended that, as the declaration contains two counts, one of which should be considered as equivalent to and answering all the purposes of a new assignment. But were the argument admitted to be sound, the difficulty with the plaintiff would be the same. For *liberum tenementum* is pleaded separately to each count, and though either be considered as a new assignment, as both are general, it was as much incumbent upon the plaintiff after plea, to new assign as to the one count

as the other, and as he failed to do so, and took issue on the pleas, the same difficulty was turned upon him as if there had been but one count. Such would indeed be the consequence, we apprehend, of an issue taken on a plea of *liberum tenementum* put in to a new assignment, if the place be not therein ascertained with proper exactness.

The defendant, it is said, must plead to a new assignment in the same manner as to a declaration; and if the plea be such as would require a new assignment, if pleaded to a declaration, the plaintiff, it is also said, must new assign in this case. 1 Saun. 299c. N. 6.

In whatever point of view, therefore, the counts in the declaration are considered, as they are both general, and *liberum tenementum* is pleaded to each, the plaintiff will not be entitled to recover unless he proves more than one close and trespass, provided the defendant shews that he is entitled to land in the same county in which the trespass is charged to have been committed.

The judgment must, however, for the error in the instruction of the court, which has been noticed, be reversed with cost, the cause remanded to the court below, and if the plaintiff shall fail to obtain leave of the court and withdraw his replications to the pleas, or one of them, and new assign, a new trial of the issues must be had, and such further proceedings there had as may not be inconsistent with the principles of this opinion.

*Monroe* for plaintiff; *Hanson* for defendant.

Leave to withdraw replication and novel assign.